| | |
|---|---|
| United States of America, | Case No. 18-cr-186 (DSD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jose Celio-Garcia, | |
| Defendant. | |

Diane L. Dodd, Special Assistant United States Attorneys, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

James S. Becker, Assistant Federal Defender, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Defendant's Motion for Pretrial Disclosure of 404 Evidence, (ECF No. 11);

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 12);

3. Defendant's Pretrial Motion for Discovery and Inspection, (ECF No. 13);

4. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 14); and

5. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, (ECF No. 15).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Pretrial Disclosure of 404 Evidence, (ECF No. 11), is **GRANTED** as follows: Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence." The Government indicates it is aware of its obligations under Rule 404 and proposes a deadline of two weeks prior to trial for Rule 404(b) disclosures. (Gov't Resp., at 1–2, ECF No. 16). At the hearing, Defendant had no objection to the two-week deadline proposed by the Government.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted).

Therefore, no later than 14 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends

to offer at trial within the purview of Fed. R. Evid. 404(b). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 12), is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant seeks evidence favorable to Defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Specifically, Defendant requests: (1) any statements of any witnesses exculpating the defendant; (2) any statements of witnesses which contradict statements of other witnesses; (3) any reports of interviews relating to requests 1 and 2; (4) any prior convictions of prospective government witnesses; (5) any offers or promises made to prospective government witnesses to include their cooperation against the defendant whether or not the government intends to call those persons as witnesses; (6) any photographs used by government agents in their investigation to identify defendant; and (7) pieces of identification bearing any of defendant's names in combinations different than the indictment. The Government responds that it is aware of its obligations under *Brady*, *Giglio*, and their progeny, and that it has complied and will continue to comply fully with said obligations. (Gov't Resp., at 2). The Government objects to the extent that Defendant's motion seeks materials outside the requirements of *Brady*, *Giglio*, and their progeny. (Gov't Resp., at 2).

The Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. To the extent Defendant's motion seeks discovery and disclosures outside

the Government's obligations under these authorities, it is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

3. Defendant's Pretrial Motion for Discovery and Inspection, (ECF No. 13), is **GRANTED** as follows: Defendant seeks discovery materials, including statements, the prior criminal record of Defendant, items material to the preparation of his defense, results or reports of physical or mental examinations, and written summaries of testimony. The Government noted that is has already complied with Rule 16 and is aware of its ongoing duty to disclose. (Gov't Resp. at 3–4). The Government notes that it is aware of its obligations concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702–705, requesting a disclosure deadline of two weeks before trial. (Gov't Resp. at 3–4). At the hearing, Defendant had no objection to the Government's two-week deadline request. The Government shall fully comply with its obligations under Fed. R. Crim. P. 16 and Fed. R. Evid. 702–705 and it shall disclose its experts and a summary of their testimony no later than two weeks before trial. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion.").

4. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 14), is **DENIED** except as follows: Defendant seeks Jencks Act materials at least one week

prior to trial. The Government objects to Court-ordered disclosure of Jencks Act materials, but agrees to reciprocal exchange of Jencks materials three days prior to trial. (Gov't Resp., at 4). At the hearing, Defendant agreed with the Government's request for reciprocal exchange of Jencks materials, but noted that Defendant's trial strategy may not solidify until the Government rests its case-in-chief, affecting his ability to comply fully. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n.2. Therefore, no later than three days before trial, the Court expects the Government—and Defendant to the extent possible—to provide Jencks Act materials as agreed so as to prevent delays in trial.

5. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, (ECF No. 15), is **GRANTED** as follows: Defendant seeks an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to "retain and preserve" all rough notes pertaining to this matter, as well as preserving evidence seized in the course of their investigation. The Government does not object to the motion to the extent it seeks retention and preservation of rough notes and evidence, indicating it has already instructed its agents to comply. (Gov't Resp., at 5). Therefore, the Government shall direct its agents involved in this case, including any

confidential informants, to retain and preserve any rough notes pertaining to this case and to preserve any evidence seized.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: October 1, 2018                                                      *s/ Tony N. Leung*
                                                                          Tony N. Leung
                                                                          United States Magistrate Judge
                                                                          District of Minnesota

                                                                          *United States v. Celio-Garcia*
                                                                          Case No. 18-cr-186 (DSD/TNL)